United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 10, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-31753** |
| AISHA T. WALDRUP, | § | |
| | § | **CHAPTER 13** |
| Debtor. | § | |
| | § | |
| | § | |
| AISHA WALDRUP & HOUSEHOLD, | § | **ADVERSARY NO. 24-3281** |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| JEFF LEVA, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| AISHA WALDRUP & HOUSEHOLD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 24-3282** |
| | § | |
| FREEDOM MORTGAGE CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

| | § | |
|---|---|---|
| **AISHA WALDRUP &** | § | **ADVERSARY NO. 25-3323** |
| **HOUSEHOLD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **FREEDOM MORTGAGE** | § | |
| **CORPORATION, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>MEMORANDUM OPINION</u>

Aisha Waldrup has filed multiple lawsuits challenging the enforcement of a Note and Deed of Trust executed on January 15, 2021, secured by property located at 17107 Mountain Crest Drive, Spring, Texas. The complaints assert violations of the Truth in Lending Act, RESPA, and various state-law theories. Defendants have moved to dismiss under Rule 12(b)(6). This Memorandum Opinion consolidates three adversary proceedings for ruling: Adversary Proceeding Nos. 24-3282, 24-03281, and 25-03323.

Relief from judgment is denied in Adversary Proceeding No. 24-03281.

Waldrup's complaints in Adversary Proceeding Nos. 24-3282 and 25-03323 are dismissed with prejudice.

## BACKGROUND

On January 15, 2021, Aisha Waldrup executed a Note in favor of Cardinal Financial Company, Limited Partnership in the principal amount of $225,834.00. Adv. Pro. No. 25-03323, ECF No. 6 at 3. The

Note was secured by a Deed of Trust encumbering real property located at 17107 Mountain Crest Drive, Spring, Texas 77379. Adv. Pro. No. 25-03323, ECF No. 6 at 1. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Cardinal and its successors and assigns.

On November 10, 2023, MERS assigned its rights in the Deed of Trust to Freedom Mortgage Corporation. Adv. Pro. No. 25-03323, ECF No. 6-2. On January 25, 2024, Mortgage Connect recorded a corrective mortgage to address a clerical error in the property's legal description. Adv. Pro. No. 25-03323, ECF No. 6-3.

Waldrup subsequently defaulted on her obligations under the Note. On March 20, 2024, Freedom Mortgage notified Waldrup that it accelerated the debt. Adv. Pro. No. 24-03282, ECF No. 1-1 at 12. A foreclosure sale was noticed for June 4, 2024, but the sale did not proceed.

In response, Waldrup initiated lawsuits against Freedom Mortgage, Nestor Solutions and related entities in state court, each challenging the validity of the Note, the Deed of Trust, the Corrective Mortgage and the Assignment. Waldrup sought to enjoin foreclosure through requests for declaratory relief, injunctions, and other remedies. The lawsuits were subsequently removed to the United States District Court for the Southern District of Texas.

In *Aisha Waldrup & Household v. Leva, et al.*, No. 24-02171 (S.D. Tex. 2024), Judge Hanen struck Waldrup's complaint and dismissed Waldrup's claims against Mortgage Electronic Registration Systems, Inc. ("MERS"), Stanley Middleman, and Nestor with prejudice. Judge Hanen further dismissed claims against other defendants without prejudice for untimely service. Civ. Action. No. 24-02171, ECF No. 25. Waldrup subsequently moved for relief from judgment under FED. R. CIV. PRO. 60(b)(3). Case No. 24-02171, ECF No. 27. On May 7, 2025, Judge Hanen referred the case to this Court and stayed the District

Court proceedings pending resolution of the case in this Court.   Civ. Action No. 24-02171, ECF No. 41.

In *Aisha Waldrup & Household v. Freedom Mortg. Corp., et al.*, Civ. Action No. 25-01369 (S.D. Tex. 2025), Freedom and Nestor moved to dismiss Waldrup's complaint. Adv. Pro. No. 25-01369, ECF No. 6.  On May 2, 2025, Judge Rosenthal referred the case to this Court and stayed the District Court proceedings pending the resolution of the case in this Court.  Civ. Action No. 25-01369, ECF No. 13.

In *Aisha Waldrup & Household v. Freedom Mortg. Corp., et al.*, Civ. Action No. 24-03275 (S.D. Tex. 2024), Freedom, MERS, Middleman, Leva, Nestor, ICE Mortgage Services, LLC, and Archwell Management LLC moved to dismissed Waldrup's Complaint.  Civ. Action No. 24-03275, ECF No. 8.   Judge Alfred H. Bennett referred the case to this Court and stayed the District Court proceedings pending the resolution of the case in this Court.  Civ. Action No. 24-03275, ECF no. 8.

On March 31, 2025, Waldrup filed a voluntary petition under chapter 13 of the bankruptcy court.  Case No. 25-31753, ECF No. 1.  In July 2025, the Court dismissed Waldrup's bankruptcy case with prejudice barring her from refiling for a period of 180 days.  Case No. 25-31753, ECF No. 76.

With respect to Adversary Proceeding No. 24-03282, the Court dismissed the parties Cardinal Financial Company and Dovenmuehle Mortgage.  Case No. 24-03282, ECF No. 70.  On August 4, 2025, the Court held a hearing on the pending adversary proceedings.  Case No. 24-03282.  The Court ordered Waldrup to file a notice of recission and accounting of all monies received and paid with respect to the Mortgage by August 18, 2025.  Waldrup did not file the relevant documents.

The Court took all pending matters under advisement on September 15, 2025.  Adv. Pro. No. 24-03282, ECF No. 86.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The dispute has been referred to the Bankruptcy Court under General Order 2012-6.

## LEGAL STANDARD

The Court reviews motions under Federal Rule of Civil Procedure 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."  *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007).  However, the Court will not strain to find inferences favorable to the plaintiff.  *Southland Sec. Corp. v. INSpire Ins. Sol. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Motions to dismiss for failure to state a claim upon which relief can be granted "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). To avoid dismissal under Rule 12(b)(6), the plaintiff must provide sufficient factual matter to state a claim for relief that is plausible on its face when accepting that factual matter as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, (citing *Twombly*, 550 U.S. at 556). The plausibility standard asks for more than "a sheer possibility that the defendant acted unlawfully." *Id.*; *see Lormand*, 565 F.3d at 232 ("[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

Complaints written *pro se* are held to "less stringent standards than formal pleadings drafted by lawyers."  *Govea v. ATF*, 207 Fed.

App'x 369, 372 (5th Cir. 2006) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). "Even a liberally construed *pro se* . . . complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. At El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984 (1988).

## DISCUSSION

### I.   ADVERSARY PROCEEDING NO. 24-03281

Waldrup seeks relief from judgment entered by Judge Hanen in District Court Case No. 24-02171. The motion alleges among others, that she is entitled to relief due to fraud upon the Court under Rule 60(b)(3), unlawful exercise of jurisdiction under the All-Writs Act (28 U.S.C. § 1651), judicial misconduct, and violations of the Texas Deceptive Trade Practices Act. Case No. 24-03281, ECF No. 27.

Rule 60(b)(3) provides that a court may relieve a party from final judgment based on "fraud . . . misrepresentation, or misconduct by an opposing party[.]" FED. R. CIV. PRO. 60(b)(3). A party making a Rule 60(b)(3) motion must establish: "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting [her] case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Taking Waldrup's *pro* se motion as liberally construed in a light most favorable to her, Waldrup alleges that the Defendant's counsel produced falsified financial statements, mortgage records, and foreclosure documentation that violate the Federal Rules of Evidence. Case No. 24-03281, ECF No. 27. The Court will not make any determinations with respect to the authenticity of the evidence. In ruling on a motion to dismiss under Rule 12(b)(6), the District Court needed only to evaluate the claims based on the pleadings itself. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts . . .").

Further, Waldrup alleges that the District Court acted without jurisdiction and abused Waldrup's due process rights through fraud on the Court. While these allegations do not fall in the enumerated reasons for Rule 60(b) relief, the Court will construe that Waldrup is seeking relief under Rule 60(b)(6) relief for extraordinary circumstances.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Gov't Fin. Serv. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir. 1995) (quotations and citations omitted). "Relief under this section is granted only if extraordinary circumstances are present." *Id.* at 774 (quotations and citations omitted).

Waldrup alleges that the District Court "[a]ssumed [j]urisdiction [i]llegally" by the improper removal of the state court lawsuit to federal court. Case No. 24-03281, ECF No. 27 at 3. In the state court lawsuit, a temporary restraining order was entered on June 3, 2024. Waldrup alleges that the TRO is a final judgment that must be appealed and cannot be removed to another court. Waldrup is mistaken. Under Texas law, a TRO is not a final judgment because it does not dispose of all parties and claims and is in fact not appealable. *In re Office of Att'y Gen.*, 257 S.W.3d 695, 698 (Tex. 2008); *see also In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). Regardless, removal was proper and the District Court had subject matter jurisdiction over the proceeding.

Further, Waldrup seeks relief through a *quo warranto* proceeding under the All-Writs Act (28 U.S.C. § 1651) "to correct serious miscarriages of justice and prevent an unconstitutional usurpation of power." Adv. Pro. No. 24-03281, ECF No. 27. Waldrup's reliance on the All Writs Act as grounds for a *quo warranto* proceeding is misplaced. The All Writs Act merely empowers courts to protect and effectuate judgments "in aid of" their existing jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 28 (2002). It does not permit the Court to provide substantive relief in the form that Waldrup seeks. In contrast, a federal *quo warranto* action may be sought only by the United States, and not by private individuals. *Hunter v. Weber*, No. 22-00068, 2022 WL 2819021, at *1 (W.D. Pa. July 19, 2022). Waldrup is a

private individual and has no standing to bring a federal quo warranto action.  Because Waldrup lacks standing for a *quo warranto* action and the All-Writs Act is inapplicable here, Waldrup's request for relief is denied.

## II.   ADVERSARY PROCEEDING NO. 24-03282

The Defendants move to dismiss Waldrup's complaint titled "Motion for Judicial Review of and to Declare Invalid Assignment of Deed of Trust and Correction of Originally Recorded Instrument."  Civ. Pro. No. 24-03282, ECF No. 1-1.

Waldrup's complaint seeks to invalidate the Assignment of Deed of Trust and the Corrective Mortgage, alleging that the documents are tainted by forgery.  The pleading is largely incoherent and conclusory, failing to meet the minimum requirements of Rule 8.  Likewise, her fraud claims fail to meet the pleading requirements of Rule 9.

Waldrup's challenge to MERS's capacity is also unavailing.  The Deed of Trust expressly designates MERS as nominee for Cardinal Financial.  Under Texas law, MERS as nominee has authority to assign the deed of trust and to act on behalf of the lender, Cardinal Financial. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) ("Numerous federal district courts have . . . concluded that Texas recognizes assignment of mortgages through MERS and its equivalent as valid and enforceable **without production of the original, signed note**." (emphasis added)).  MERS need not be a "registered trust corporation" in Texas to be an assignor of a deed of trust.  Its authority is expressly granted by the Deed of Trust executed by Waldrup herself.

While the Court must construe a *pro se* litigant's pleading liberally, the Court is not required to cure totally deficient pleadings. Waldrup's complaint is dismissed with prejudice.

## III.   ADVERSARY PROCEEDING NO. 25-03323

The Defendants move to dismiss Waldrup's complaint titled "Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim."  Adv. Pro. No. 25-03323, ECF No. 1-1.

Waldrup's complaint attacks the validity of the Corrective Mortgage, alleging that it fraudulently created a lien on her Property.

This complaint likewise does not meet the Rule 8 standard even in the most liberal construction. The pleading consists of conclusory assertions and fails to identify specific wrongdoing against the named defendants.

As explained above, the defendants did not improperly remove this case to federal court because a TRO is not a final judgment nor is it appealable. The TRO expired by operation of law and was not extended.

Waldrup seeks to "rescind" the loan documents on the theory that the loan was fraudulent and void. Waldrup alleges that the Harris County District Court entered an Order of Mortgage Rescission. The Order granted Waldrup a TRO enjoining the Defendants from foreclosing on the Property and made a finding, among others, that the Defendants failed "to give written notice of rescission rights" under 12 CFR § 1026.23. Adv. Pro. No. 24-03281, ECF No. 1-1 at 46. An ex parte temporary restraining order has no res judicata effect. *See Engelman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 749 (Tex. 2017) ("[A]n element of res judicata is "a prior final judgment on the merits by a court of competent jurisdiction." (citation omitted)). Moreover, the Harris County case was removed to this Court. This Court now has plenary jurisdiction.

Further, Waldrup's rescission theory does not afford her the outcome that she desires. Rescission requires the return of the benefits received. *See Neese v. Lyon*, 479 S.W.3d 368, 389 (Tex. Civ. App.—Dallas 2015) ("For rescission, the claimant generally must return the *defendant* to the status quo ante."). Therefore, a borrower who receives loan proceeds cannot retain the funds and simultaneously seek to void the lien securing repayment. Additionally, the recission rights that she seeks cannot be obtained with respect to a mortgage on a principal residence on statutory grounds. *See* 15 U.S.C. § 1635(e)(1) (exempting "residential mortgage transaction" from the right to rescind). Recission is not an available statutory remedy to Waldrup. Texas law does provide the equitable remedy of rescission in cases of fraud if there is an ability

to return the parties to their former positions.  *See Isaacs v. Bishop*, 249 S.W.3d 100, 109 (Tex. Civ. App.—Texarkana 2008).  But Waldrup failed to plead fraud with particularity and refuses to return the loan proceeds.

Waldrup's claims under TEX. CIV. PRAC. & REM. CODE § 12.002 and GOV'T CODE §§ 51.901, 51.902, 51.903 fail because the corrective mortgage did not create a new lien nor are there any factual allegations of fraudulent intent.  Lastly, the TEX. PENAL CODE § 37.10 is a criminal statute and does not afford private citizens a cause of action.

Waldrup's complaint is dismissed with prejudice.

## CONCLUSION

A separate order will be entered.


SIGNED 10/10/2025

_____
Marvin Isgur
United States Bankruptcy Judge